**McGLINCHEY STAFFORD**
Jeffrey R. Seewald (SBN 320818)
Zeeshan Iqbal (SBN 337990)
18201 Von Karman Avenue, Suite 350
Irvine, California 92612
Telephone:      (949) 381-5900
Facsimile:      (949) 271-4040
Email:          jseewald@mcglinchey.com
                ziqbal@mcglinchey.com

Attorneys for *Defendants* **CONSUMER PORTFOLIO SERVICES, INC.**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID POOR and BERNADETTE POOR, | Case No.: |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441** |
| v. | *[Federal Question Jurisdiction]* |
| CONSUMER PORTFOLIO SERVICES, INC.; MILLENNIUM CAPITAL AND RECOVERY CORPORATION; ACCURATE ADJUSTMENTS, INC.; and DOES 1 through 10, inclusive, | |
| Defendants. | |

**TO ALL INTERESTED PARTIES**:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, *Defendants* Consumer Portfolio Services, Inc. ("CPS") hereby remove to this Court the state court action described below.

## I.   BACKGROUND

1.      On June 13, 2023, *Plaintiffs* David Poor and Bernadette Poor ("Plaintiffs") commenced an action in the Superior Court of the State of California for the County of Sacramento (the "Superior Court") by filing a Complaint (the "Complaint") against CPS, Millennium, and Accurate, which initiated *Poor v. Consumer Portfolio Services, Inc. et al*, Case Number 23CV003209 (the "Action"). True and correct copies of the Summons and Complaint are collectively attached hereto as **Exhibit 1**.

2.     Defendant, CPS was served with the Summons and Complaint on June 23, 2023. Pursuant to 28 U.S.C. § 1446(b) and (c), and Federal Rules of Civil Procedure 6, this notice is timely as it has been filed within 30 days after Defendants receipt of the Summons and Complaint, and within 1 year of the commencement of the Action.

3.     The Superior Court set a Case Management Conference for April 26, 2024. No other hearings have been scheduled in the Action as of the date of this notice. A true and correct copy of the Superior Court docket is attached hereto as **Exhibit 2**. Upon information and belief, the documents attached hereto as **Exhibits 1-2** constitute all pleadings, process, orders, and dockets in and for the Action.

4.     CPS has obtained the consent of co-defendants Millennium Capital and Recovery Corporation, and Accurate Adjustments, Inc. to remove this case to Federal Court.

5.     Pursuant to 28 U.S.C. § 1446(d), CPS will promptly give written notice of the removal of the Action to all other parties and will file a copy of this notice with the Clerk of the Superior Court.

## II.   <u>VENUE</u>

6.     Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Eastern District of California is the proper venue for the removed Action because it is the judicial district in which the Action is pending. *See* 28 U.S.C. § 84(b) (recognizing that the Eastern District comprises Sacramento County, among others).

## III.   <u>FEDERAL QUESTION JURISDICTION</u>

7.     The Action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 because the Complaint requires a determination as to whether Defendants violated "laws…of the United States." *See* 28 U.S.C. § 1331. Specifically, the Complaint alleges claims for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* ("FDCPA"). FDCPA is a federal law that governs debt collection practices, specifically prohibiting debt collection companies from using abusive, unfair, or deceptive practices to collect debts from consumers. Plaintiff's claims therefore arise under federal law and this Court has jurisdiction over this matter. *See* e.g., *Villanueva v. Account Discovery Systems, LLC* (D. Colo. 2015) 77 F.Supp.3d 1058, 1067 (finding federal question to exist where a complaint enumerated a claim for violations of the FDCPA).

**NOTICE OF REMOVAL OF ACTION**

8.      To the extent Plaintiff's Complaint states causes of action that are not based on federal law, this Court has supplemental jurisdiction. This is because any such claims: (i) arise from the same set of operative facts that underlie Plaintiff's federal claims; and (ii) relate to the same subject matter; namely, the alleged repossession of Plaintiff's vehicle. Accordingly, Plaintiff's state-law claims are related to Plaintiff's federal question allegations, thereby forming a part of the "same case and controversy" pursuant to 28 U.S.C. § 1367(a).

**III.    RESERVATION OF RIGHTS**

9.      CPS reserve the right to supplement this notice when, and if, additional information becomes available. In addition, CPS reserve all rights, including, but not limited to, defenses and objections as to venue, personal jurisdiction, and service. The filing of this notice is subject to, and without waiver of, any such defense or objection.

**WHEREFORE**, CPS prays that the Action be removed from the Superior Court to this Court and that this Court assume jurisdiction over – and determine – the action on the merits.

DATED:  July 21, 2023                          **McGLINCHEY STAFFORD**

By: */s/ Zeeshan Iqbal*_____
JEFFREY SEEWALD
ZEESHAN IQBAL
Attorneys     for     *Defendants*     **CONSUMER PORTFOLIO SERVICES, INC.**

---

3

**NOTICE OF REMOVAL OF ACTION**

23689737.1

# EXHIBIT "1"

**ORIGINAL** Filed

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)
## BY FAX

Superior Court of use only of California.
*(SOLO PARA USO DE LA CORTE)*
Sacramento
06/14/2023
johnsok
By _____, Deputy
23CV003209

**NOTICE TO DEFENDANTS:**
*(AVISO AL DEMANDADO):*
CONSUMER PORTFOLIO SERVICES, INC.; MILLENNIUM CAPITAL AND RECOVERY CORPORATION; ACCURATE ADJUSTMENTS, INC.; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFFS:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DAVID POOR and BERNADETTE POOR

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of the State of California, County of Sacramento<br>Gordon D. Schaber Sacramento County Courthouse, 720 9th Street, Sacramento, CA 95814 | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brandon A. Block, LAW OFFICES OF BRANDON A. BLOCK,
9440 Santa Monica Blvd., Ste. 301, Beverly Hills, CA 90210, Tel: 424.600.9454

| DATE: **JUN 1 4 2023**<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | **K. JOHNSON** | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 (Rev. July 1, 2009) | **SUMMONS** | American LegalNet, Inc.<br>www.FormsWorkflow.com | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|---|

**EXHIBIT 1**
**PAGE 4**

**COPY**

Filed
Superior Court of California,
Sacramento
06/13/2023
johnsok
By _____, Deputy
23CV003209

1  LAW OFFICES OF BRANDON A. BLOCK
   A PROFESSIONAL CORPORATION
2  BRANDON A. BLOCK (Cal. Bar No. 215888)
   brandon@bblocklaw.com
3  9440 Santa Monica Blvd., Ste. 301
   Beverly Hills, CA 90210
4  Telephone:  424.600.9454
   Facsimile:  424.600.9631
5
   Attorneys for Plaintiffs
6  DAVID POOR and BERNADETTE POOR
7
8           SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                    COUNTY OF SACRAMENTO
10
   DAVID POOR and BERNADETTE          Case No.
11 POOR,
                                      **COMPLAINT FOR WRONGFUL**
12           Plaintiffs,              **REPOSSESSION**
13      vs.                           DEMAND FOR JURY TRIAL
14 CONSUMER PORTFOLIO SERVICES,
   INC.; MILLENNIUM CAPITAL AND
15 RECOVERY CORPORATION;
   ACCURATE ADJUSTMENTS, INC.; and
16 DOES 1 through 10, inclusive,
17           Defendants.
18
19      Plaintiffs David Poor and Bernadette Poor allege as follows:
20                        **PARTIES**
21      1.      Plaintiffs are individuals over the age of 18, residents of Sacramento County and
22 citizens of California.
23      2.      Defendant Consumer Portfolio Services, Inc. ("CPS") is a California corporation
24 with its principal place of business in Irvine, California.
25      3.      Defendant Millennium Capital and Recovery Corporation ("MCRC") is an Ohio
26 corporation with its principal place of business in Hudson, Ohio. Millennium does regular and
27 continuous business in California.
28

BY FAX

---
                        COMPLAINT – 1

**EXHIBIT 1**
**PAGE 5**

1    4.    Defendant Accurate Adjustments, Inc. ("AA") is a California corporation with its
2  principal place of business in Lodi, California.

3    5.    Plaintiffs don't know the true names, identities, and capacities of Does 1 through
4  10, inclusive, and therefore sues those defendants by fictitious names. Plaintiffs will amend this
5  Complaint to allege the true names, identities and capacities of the Doe defendants when plaintiffs
6  discover such information.

7                              **JURISDICTION AND VENUE**

8    6.    The Court has jurisdiction over this matter because the amount in controversy
9  exceeds $25,000.

10    7.    Venue is proper in this Court because plaintiffs' injury occurred in Sacramento
11  County.

12                                   **OPERATIVE FACTS**

13    8.    At all times relevant, plaintiffs owned a 2013 Ford F150 free and clear of any liens.

14    9.    Plaintiffs have never had any dealings with CPS, a subprime automobile finance
15  company. Nevertheless, CPS, which apparently claimed an old lien on title that was no longer
16  valid, hired MCRC, an Ohio-based national repossession agency, as an independent contractor to
17  repossess plaintiffs' vehicle by "self-help" (i.e., nonjudicial) means. On or about May 20, 2023,
18  MCRC, with the assistance of its agent, AA, completed the illegal repossession of plaintiffs'
19  vehicle on CPS's behalf. By doing so, defendants committed felonious grand theft. See Ferraro v.
20  Pacific Fin. Corp., 8 Cal.App.3d 339, 348 n.3 (1970).

21    10.    Defendants illegally retained possession of plaintiffs' vehicle until May 24, 2023.

22    11.    Plaintiffs have suffered damages as a direct and proximate result of defendants'
23  wrongful conduct, including lost use of their vehicle, costs to repair another vehicle they used for
24  replacement transportation while they were without their car, lost earnings, damage to their
25  personal property taken with the car and emotional distress, all in amounts which are subject to
26  proof.

27

28

**EXHIBIT 1
PAGE 6**

**FIRST CAUSE OF ACTION – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**(Against MCRC, AA And The Doe Defendants)**

12.    Plaintiffs reallege and incorporate herein by reference all of the above allegations.

13.    Congress enacted the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"), to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." Id., § 1692(e).

14.    Plaintiffs are "consumers" within the meaning of 15 U.S.C. § 1692a(3), in that they are natural persons obligated or allegedly obligated to pay a "debt". Defendants are "debt collectors" within the meaning of 15 U.S.C. § 1692a(6), in that they are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests. The purported debt which defendants attempted to collect from plaintiffs is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that defendants sought to enforce a security interest related to an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

15.    Defendants violated the provisions of 15 U.S.C. § 1692f(6)(A) by taking nonjudicial action to effect dispossession or disablement of property when there was no present right to possession of the property claimed as collateral through an enforceable security interest.

16.    Plaintiffs have suffered, and are entitled to recover, their actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

17.    Plaintiffs are entitled to recover statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

18.    Plaintiffs are entitled to recover their attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

WHEREFORE, plaintiffs pray for relief as set forth below.

EXHIBIT 1
PAGE 7

1   **SECOND CAUSE OF ACTION – VIOLATIONS OF THE ROSENTHAL FAIR DEBT**

2   **COLLECTION PRACTICES ACT**

3   **(Against CPS And The Doe Defendants)**

4       19.    Plaintiffs reallege and incorporate herein by reference all of the above allegations.

5       20.    The California Legislature enacted the Rosenthal Fair Debt Collection Practices

6   Act, Cal. Civ. Code §§ 1788, et seq. ("Rosenthal Act"), to ensure the integrity of our banking and

7   credit industry, finding that "unfair or deceptive debt collection practices undermine the public

8   confidence which is essential to the continued functioning of the banking and credit system and

9   sound extensions of credit to consumers." Id., §§ 1788.1(a)(2) & 1788.1(b).

10       21.    Plaintiffs are "debtors" within the meaning of Civil Code § 1788.2(h) in that they

11   are natural persons from whom defendants sought, directly or indirectly, to collect a "consumer

12   debt" alleged to be due and owing by reason of a consumer credit transaction. "Debt" is defined

13   under the Rosenthal Act to mean "money, property or their equivalent which is due or owing or

14   alleged to be due or owing from a natural person to another person." Id., § 1788.2(d). Defendants

15   are "debt collectors" within the meaning of California Civil Code § 1788.2(c), in that they

16   regularly and in the ordinary course of business, on behalf of themselves or others, directly or

17   indirectly engage in acts and practices in connection with the collection of money or property

18   which is due or alleged be due or owing by reason of a consumer credit transaction.

19       22.    Defendants violated Civil Code § 1788.10(a) by using, or threatening to use, any

20   criminal means, including grand theft in violation of Penal Code § 487, to cause harm to the

21   person, or the reputation, or the property of any person.

22       23.    Defendants violated the following provisions of the FDCPA, incorporated into the

23   Rosenthal Act at Civil Code § 1788.17, thereby entitling plaintiffs to the remedies in 15 U.S.C.

24   § 1692k:

25           •    15 U.S.C. § 1692d, by engaging in any conduct the natural consequence of

26   which is to harass, oppress, or abuse any person in connection with the collection of a debt;

27           •    15 U.S.C. § 1692(d)(1), by using criminal means to harm plaintiffs'

28   property, as alleged herein;

**EXHIBIT 1
PAGE 8**

1    • 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or

2    attempt to collect a debt; and

3    • 15 U.S.C. § 1692f(6), by taking nonjudicial action to effect dispossession or

4    disablement of property when there was no present right to possession of the property claimed as

5    collateral through an enforceable security interest, as alleged herein.

6    24.    Plaintiffs have suffered, and are entitled to recover, their actual damages pursuant

7    to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative,

8    Civil Code § 1788.30(a).

9    25.    Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiffs

10    are entitled to recover statutory damages of $1,000 pursuant to Civil Code § 1788.17,

11    incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and Civil Code § 1788.30(b).

12    26.    Plaintiffs are entitled to recover their attorney's fees and costs pursuant to Civil

13    Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil

14    Code § 1788.30(c).

15    WHEREFORE, plaintiffs pray for relief as set forth below.

16    **THIRD CAUSE OF ACTION – CONVERSION**

17    **(Against All Defendants)**

18    27.    Plaintiffs reallege and incorporate herein by reference all of the above allegations.

19    28.    At all times relevant, plaintiffs were entitled to immediate possession of their

20    vehicle and the personal property therein vis-à-vis defendants. Defendants wrongfully deprived

21    plaintiffs of possession of their vehicle and the personal property therein by repossessing the

22    vehicle and the personal property therein, and thereafter retaining that property, without any right

23    to do so. As a direct and proximate result of defendants' conversion, plaintiffs have been damaged

24    in amounts which are subject to proof.

25    29.    Plaintiffs are entitled to recover punitive damages from defendants an amount

26    according to proof for defendants' conversion, to punish defendants for the conduct that harmed

27    plaintiffs and to discourage similar conduct in the future. Defendants acted with oppression, fraud

28    or malice, within the meaning of California Civil Code § 3294. Defendants' corporate officers,

EXHIBIT 1
PAGE 9

1   directors, or managing agents are personally guilty of oppression, fraud or malice, had advance

2   knowledge of the unfitness of the employees who acted towards plaintiffs with malice, oppression,

3   or fraud, employed such employees with conscious disregard for the rights or safety of others,

4   and/or themselves authorized or ratified the wrongful conduct.

5         WHEREFORE, plaintiffs pray for relief as set forth below.

6                              **PRAYER FOR RELIEF**

7         WHEREFORE, plaintiffs pray for the following relief:

8         1.      Actual damages;

9         2.      Statutory damages;

10        3.      Punitive damages;

11        4.      Pre-judgment interest to the extent permitted by law;

12        5.      An award of plaintiffs' attorney's fees, costs and expenses incurred in the

13   investigation, filing and prosecution of this action; and

14        6.      For such other and further relief as the Court may deem just and proper.

15                            **DEMAND FOR JURY TRIAL**

16        Plaintiffs hereby demand a trial by jury.

17                                         Respectfully submitted,

18   Dated: June 13, 2023              LAW OFFICES OF BRANDON A. BLOCK
                                       A PROFESSIONAL CORPORATION
19
                                       /s/ Brandon A. Block
20                                     Brandon A. Block

21                                     Attorneys for Plaintiffs
                                       DAVID POOR and BERNADETTE POOR
22

23

24

25

26

27

28

EXHIBIT 1
PAGE 10

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Brandon A. Block (Cal. Bar. No. 215888)<br>LAW OFFICES OF BRANDON A. BLOCK, A PROFESSIONAL CORPORATION<br>9440 Santa Monica Blvd., Ste. 301<br>Beverly Hills, CA 90210 | Filed<br>Superior Court of California,<br>Sacramento<br>06/13/2023<br>johnsok<br>By _____, Deputy<br>23CV003209 |
| TELEPHONE NO.: 424.600.9454    FAX NO.: 424.600.9631 | |
| ATTORNEY FOR *(Name):* Plaintiffs DAVID POOR and BERNADETTE POOR | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
STREET ADDRESS: 720 9th Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Gordon D. Schaber Sacramento County Courthouse

CASE NAME:
POOR, et al. v. CONSUMER PORTFOLIO SERVICES, INC., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [✓] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. [ ] Large number of separately represented parties
   - b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. [ ] Substantial amount of documentary evidence
   - d. [ ] Large number of witnesses
   - e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* Three
5. This case [ ] is [✓] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 13, 2023

Brandon A. Block
_____
(TYPE OR PRINT NAME)

▶ /s/ Brandon A. Block
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**EXHIBIT 1
PAGE 11**

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property Damage/Wrongful Death
 Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
 Product Liability *(not asbestos or toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business Practice (07)
 Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
 Defamation (e.g., slander, libel) (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)
**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
 Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
 Eminent Domain/Inverse Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
 Partnership and Corporate Governance (21)
 Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007] **CIVIL CASE COVER SHEET** Page 2 of 2

**EXHIBIT 1 PAGE 12**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SACRAMENTO | Court Use Only |
|---|---|
| COURTHOUSE ADDRESS:<br>Gordon D. Schaber Superior Court<br>720 9th Street, Sacramento, CA 95814 | |
| PLAINTIFF/PETITIONER:<br>David Poor et al | |
| DEFENDANT/RESPONDENT:<br>Consumer Portfolio Services, Inc. et al | |
| NOTICE OF CASE ASSIGNMENT<br>AND CASE MANAGEMENT CONFERENCE<br>(UNLIMITED CIVIL CASE) | CASE NUMBER:<br>23CV003209 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

### NOTICE OF CASE ASSIGNMENT

Pursuant to rule 3.734 of the California Rules of Court, this action is hereby assigned for limited purposes to the judicial officers indicated below:

| PURPOSE | ASSIGNED JUDGE | COURT LOCATION | DEPARTMENT |
|---|---|---|---|
| LAW & MOTION | Christopher E. Krueger | Hall of Justice | 54 |
| CASE MANAGEMENT PROGRAM | Kenneth C. Mennemeier | Gordon D. Schaber Superior Court | 38 |

Please refer to Chapter Two – Parts 3 and 4 of the Sacramento Superior Court Local Rules and the Court's website for additional filing instructions and hearing reservation information.

### NOTICE OF CASE MANAGEMENT CONFERENCE

#### Hearing Date

The above entitled action has been set for a case management conference at **8:30 AM** on **April 26, 2024** in **Department 38** in accordance with California Rules of Court 3.722. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

#### Case Management Statement

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

#### Minimum Requirements

Prior to the filing of the case management statement, the parties should have done the following:

- Served all parties named in the complaint within 60 days after the summons has been issued
- Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
- Met and conferred with all parties as required by CRC 3.724 to discuss and resolve issues set forth therein.

| SHORT TITLE: POOR, et al. vs CONSUMER PORTFOLIO SERVICES, INC., et al. | CASE NUMBER: 23CV003209 |
|---|---|

**Tentative Ruling**

Following its review of the case management statement(s), the court may determine that a case management conference is not necessary. To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Friday calendar by accessing the court's internet website at www.saccourt.ca.gov

**Remote Appearances**

Unless ordered to appear in person by the court, parties may appear remotely either telephonically or by video conference via the Zoom video/audio conference platform with notice to the court and all other parties in accordance with Code of Civil Procedure 367.75. If appearing remotely, parties are required to participate in their hearing using a device that has video and/or audio capability (i.e. computer, smartphone, or tablet). Although remote participation is not required, the court will presume all parties are appearing remotely for non-evidentiary civil hearings.

**Certification Filed in Lieu of Case Management Statement**

If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference and that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

**Case Management Orders**

At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

**Service of Notice of Case Assignment and Case Management Conference**

Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Compliance**

Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**

Case management conference(s) will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 06/14/2023                               By:

/s/ K. Johnson
K. Johnson, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT
AND CASE MANAGEMENT CONFERENCE
(UNLIMITED CIVIL CASE)**

**EXHIBIT 1
PAGE 14**



# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SACRAMENTO
### SACRAMENTO, CALIFORNIA, 95814
### 916-874-5522
### WWW.SACCOURT.CA.GOV

## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION PACKAGE

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Sacramento (Sacramento County Superior Court), strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution.

**What is Alternative Dispute Resolution?**

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

- Arbitration
- Mediation
- Settlement Conferences
- Private judging
- Neutral evaluation
- Mini-trials
- Negotiation and *hybrids* of these processes

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, the Sacramento County Superior Court offers Mediation and Arbitration.

**What are the advantages of using ADR?**

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses.)

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

**Arbitration and Mediation**

Although there are many different types of ADR processes, the types most commonly used to resolve disputes in California state courts are Arbitration and Mediation. The Sacramento County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas.

**Arbitration.** An Arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an Arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitration can be binding if the parties so agree in writing. If there is no such agreement, either party can reject the Arbitration award and request a trial.

---


EXHIBIT 1
PAGE 15



**Mediation.** Mediation is a voluntary, informal, confidential process in which the Mediator, a neutral third party, facilitates settlement negotiations. The Mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

Litigants are encouraged to use an ADR process as early in the case as circumstances permit. All appropriate cases will be reviewed for referral to ADR at the Case Management Conference(CMC).

### ADR Procedures for the Sacramento County Superior Court

Upon filing a complaint or cross-complaint, the plaintiff/cross-complainant must acquire this information package from the Court's Website, http://www.saccourt.ca.gov, or the Superior Court Clerk. Plaintiff is required to include the ADR Information Package when he or she serves the Complaint on the Defendant.

The court's ADR Panel List is available on-line at http://www.saccourt.ca.gov or may be obtained at the Civil Filing Counter at the Gordon D. Schaber Sacramento County Courthouse, 720 Ninth Street, Room 101, Sacramento, CA 95814.

**Mediation.**

All parties to the dispute may voluntarily agree to submit the case to a neutral Mediator, either through a court-appointment or through a private arrangement. The parties may choose either of the following Mediation choices:

> **Private Mediation.** Parties to a civil action agree to mediate their dispute with a Mediator of their choice without court assistance. The cost of Mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator (refer to the ADR Panel List for current rates).

> **Court Mediation.** Upon stipulation of the parties, a Mediator and alternate Mediator will be selected from the court-approved list of neutrals (ADR Panel List). The court will confirm the selected Mediator and notice parties by mail.

> The Mediator is then responsible for contacting the parties to confirm a date, time, and place for Mediation. Mediators on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process; the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.

_UNLIMITED CIVIL CASES_
- A _Stipulation and Order to Mediation – Unlimited Civil Cases,_ Form CV\E-MED-179 _(see attached)_ may be filed with the court at any time up to 15 calendar days prior to the Case Management Conference.

- If the parties do not stipulate to Mediation prior to their CMC, they may indicate their willingness to stipulate to Mediation at the CMC. In that event, parties must submit a _Stipulation and Order to Mediation – Unlimited Civil Cases_ within 14 calendar days after their CMC.

LIMITED CIVIL CASES
- Parties may select and conduct voluntary Private Mediation without notification to the Court.

- Parties may stipulate to court mediation by filing a Stipulation and Order to Arbitration/Mediation - Limited Civil Cases form (CV\E-203) at any time after the filing of the Limited Civil Case Status Memorandum form (CV\E-202). This form is located on the court's website at http://www.saccourt.ca.gov. A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum.

CV\E–100 (Rev 01.01.14)



**EXHIBIT 1
PAGE 16**



Superior Court of California, County of Sacramento

Case Management

**Arbitration**
*UNLIMITED CIVIL CASES*

- Plaintiff may elect, the parties may stipulate, or the judge may Order the case to Arbitration. Parties will be asked to select an Arbitrator and three alternate Arbitrators from the court's ADR Panel List. The court will send a Notice of Appointment and an appropriate Order to Arbitration to all parties.

- Arbitrations are conducted pursuant to California Rules of Court, rules 3.810 through 3.830, and Local Rules Chapter 2, Part 5. Unless otherwise stipulated, an Award of Arbitrator is not binding upon the parties provided that they file a timely Request for Trial De Novo pursuant to California Rules of Court, rule 3.826. Upon the filing of a timely Request for Trial De Novo, the case will proceed to a Trial-Setting Conference. If no timely Request for Trial De Novo is filed, judgment based upon the Award of Arbitrator will be entered pursuant to California Rules of Court, rule 3.827.

LIMITED CIVIL CASES
Arbitration may occur in a limited civil case under the following circumstances:

- When all parties stipulate to arbitration pursuant to Code of Civil Procedure section 1141.12. A stipulation for arbitration shall be filed using the Court's local form, Stipulation and Order to Arbitration/Mediation – Limited Civil Cases form (CV\E-203). A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum form (CV\E-202).

- When plaintiff elects to refer the case to judicial arbitration. A written election by the plaintiff to submit an action or proceeding to arbitration shall be filed using the Court's local form, Limited Civil Case Status Memorandum form (CV\E-202).

**Additional Information**
For additional information regarding the Court's ADR program, please go to the Court's website http://www.saccourt.ca.gov.

CV\E–100 (Rev 01.01.14)

**EXHIBIT 1
PAGE 17**

# EXHIBIT "2"

# Sacramento Superior Court
Journal Technologies

**23CV003209** POOR, et al. vs CONSUMER PORTFOLIO SERVICES, INC., et al.

**Unlimited Civil** (Other Complaint (non-tort/non-Hall of Justice / DEPT 54 - HON. Christopher E. Krueger

| Document Download |
| --- |

Filed: 06/13/2023                         Next Hearing: 04/26/2024 Case Management Conference

<u>Documents</u>          <u>Register of Actions</u>

## Documents

| Filed / Status Date | Name | Filed By | # of Pages |
| --- | --- | --- | --- |
| 06/26/2023 | Proof of Personal Service | David Poor (Plaintiff); Bernadette Poor (Plaintiff) | |
| 06/26/2023 | Proof of Service by Substituted Service | David Poor (Plaintiff); Bernadette Poor (Plaintiff) | |
| 06/26/2023 | Proof of Service by Substituted Service | David Poor (Plaintiff); Bernadette Poor (Plaintiff) | |
| 06/14/2023 | Notice of Case Assignment and Case Management Conference | | 2 |
| 06/13/2023 | Civil Case Cover Sheet | David Poor (Plaintiff); Bernadette Poor (Plaintiff) | |
| 06/13/2023 | Summons on Complaint | Clerk | |
| 06/13/2023 | Complaint | David Poor (Plaintiff); Bernadette Poor (Plaintiff) | |

**EXHIBIT 2**
**PAGE 18**