**McGLINCHEY STAFFORD**
Jeffrey R. Seewald (SBN 320818)
Zeeshan Iqbal (SBN 337990)
18201 Von Karman Avenue, Suite 350
Irvine, California 92612
Telephone:    (949) 381-5900
Facsimile:    (949) 271-4040
Email: jseewald@mcglinchey.com
          ziqbal@mcglinchey.com

Attorneys for *Defendant* **CONSUMER PORTFOLIO SERVICES, INC.**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID POOR and BERNADETTE POOR, <br><br> Plaintiffs, <br><br> v. <br><br> CONSUMER PORTFOLIO SERVICES, INC.; MILLENNIUM CAPITAL AND RECOVERY CORPORATION; ACCURATE ADJUSTMENTS INC.; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: 2:23-cv-01475-TLN-JDP <br><br> **DEFENDANT CONSUMER PORTFOLIO SERVICES, INC.'S ANSWER TO COMPLAINT** |

*Defendant* Consumer Portfolio Services, Inc. ("CPS") hereby answers the *Complaint* (the "Complaint") filed by *plaintiffs* David Poor and Bernadette Poor (the "Plaintiffs") as follows:

**SUMMARY OF ACTION**

1. CPS admits the allegations in this paragraph.

2. CPS admits that it is a California corporation but denies that its principal place of business is located in Irvine, California.

3. CPS lacks sufficient information or belief to enable it to answer the allegations in this paragraph and, on that basis denies the allegations.

4. CPS lacks sufficient information or belief to enable it to answer the allegations in this paragraph and, on that basis denies the allegations.

5. CPS lacks sufficient information or belief to enable it to answer the allegations in this paragraph and, on that basis denies the allegations.

## JURISDICTION AND VENUE

6. The allegation in this paragraph constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, CPS admits that the Court has jurisdiction over this action.

7. The allegation in this paragraph constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, CPS admits that the venue is proper in the Superior Court of California, County of Sacrament but the action should be removed based on Federal Question Jurisdiction under 28 U.S.C. §1441.

## OPERATIVE FACTS

8. CPS lacks sufficient information or belief to enable it to answer the allegations in this paragraph and, on that basis denies the allegations.

9. CPS denies the first sentence in paragraph 9. The allegations in the second sentence of paragraph 9 constitute a legal conclusions to which no response is required. To the extent a response is deemed necessary, CPS denies those allegations.. The allegations in the third sentence of paragraph 9 constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, CPS denies those allegations. The allegations in the fourth sentence of paragraph 9 constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, CPS denies those allegations.

10. The allegation in this paragraph constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, CPS denies the allegation..

11. CPS lacks sufficient information or belief to enable it to answer the allegations in this paragraph and, on that basis denies the allegations.

## FIRST CAUSE OF ACTION – VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

12. CPS re-alleges and incorporates herein by reference all of its prior responses.

13. The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is deemed necessary, CPS denies the allegations.

14. The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is deemed necessary, CPS denies the allegations.

15. The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is deemed necessary, CPS denies the allegations.

16. The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is deemed necessary, CPS denies the allegations.

17. The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is deemed necessary, CPS denies the allegations.

18. The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is deemed necessary, CPS denies the allegations.

## SECOND CAUSE OF ACTION – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

19. CPS re-alleges and incorporates herein by reference all of its above responses.

20. The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is deemed necessary, CPS denies the allegations.

21. The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is deemed necessary, CPS denies the allegations.

22. The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is deemed necessary, CPS denies the allegations.

23. The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is deemed necessary, CPS denies the allegations.

24. The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is deemed necessary, CPS denies the allegations.

25. The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is deemed necessary, CPS denies the allegations.

26.     The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is deemed necessary, CPS denies the allegations.

### THIRD CAUSE OF ACTION - CONVERSATION

27.     CPS re-alleges and incorporates by referenced herein all of its above responses.

28.     The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is deemed necessary, CPS denies the allegations.

29.     The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is deemed necessary, CPS denies the allegations.

### PRAYER FOR RELIEF

CPS denies that Plaintiffs are entitled to any of the relief requested in the Complaint.

### AFFIRMATIVE DEFENSES

CPS asserts the following affirmative defenses to the Complaint. In asserting these affirmative defenses, CPS does not assume the burden to establish any fact or proposition where that burden is properly imposed on Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim Upon Which Relief Can Be Granted)**

1.     The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(No Damage to Plaintiffs)**

2.     Plaintiffs have not suffered damages as a result of the conduct alleged in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

**(Laches)**

3.     The Complaint and each of its causes of action are barred by the doctrine of laches due to Plaintiffs' own acts and/or omissions with respect to the subject matter of the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

4.     The Complaint and each of its causes of action are barred because any injury, damage, loss, and/or detriment suffered by Plaintiffs was the result of their failure to use reasonable means to

mitigate their damages and otherwise exercise due and ordinary care on their own behalf.

**FIFTH AFFIRMATIVE DEFENSE**

**(Non-recoverable Fees)**

5. CPS is informed and believes, and on that basis alleges, that, as a matter of fact and law, and for reasons in equity, neither Plaintiffs nor their attorneys are entitled to an award of attorneys' fees in this case.

**SIXTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

6. The Complaint is barred, in whole or in part, by the equitable doctrine of estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

7. The Complaint is barred, in whole or in part, by the doctrine of waiver.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

8. The Complaint is barred, in whole or in part, by reason of Plaintiffs' unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

**(Additional Defenses)**

9. CPS states that it does not presently know all facts concerning the conduct of Plaintiff and his enumerated (or potential) causes of action sufficient to state all affirmative defenses at this time. Accordingly, CPS reserves the right to assert additional affirmative defenses in the event that it later discovers facts supporting such defenses.

**PRAYER**

**WHEREFORE**, CPS prays as follows:

1. That Plaintiff take nothing by reason of the Complaint;
2. For judgment in favor of CPS and against Plaintiff on each of the causes of action enumerated in the Complaint;
3. That CPS be awarded its costs of suit incurred in this action; and

///

4. That CPS be awarded such other and further relief as the Court deems just and proper.

DATED:  July 28, 2023             **McGLINCHEY STAFFORD**

By: /s/  Zeeshan Iqbal
    JEFFREY SEEWALD
    ZEESHAN IQBAL
Attorneys for *Defendant* **CONSUMER PORTFOLIO SERVICES, INC.**

# PROOF OF SERVICE

**STATE OF CALIFORNIA** )
) ss.
**COUNTY OF ORANGE** )

I, Kayla Han, declare:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 18201 Von Karman Ave., Suite 350, Irvine, California 92612.

On July 28, 2023, I served the document(s) described as: **CONSUMER PORTFOLIO SERVICES, INC.'S ANSWER TO COMPLAINT** as follows:

☐ **BY MAIL**: As follows:

　　☐ **FEDERAL** – I deposited such envelope in the U.S. mail at Irvine, California, with postage thereon fully prepaid,

☐ **BY OVERNIGHT COURIER SERVICE** as follows: I caused such envelope to be delivered by overnight courier service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

☐ **BY EMAIL SERVICE** as follows: By email or electronic transmission: Based on any agreement between the parties and/or as a courtesy, I sent the document(s) to the person(s) at the email address(es) listed on the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's Electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF users set forth in the service list obtained from this Court. Pursuant to Electronic Filing Court Order, I hereby certify that the above documents(s) was uploaded to the website and will be posted on the website by the close of the next business day and the webmaster will give e-mail notification to all parties.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made.

Executed on July 28, 2023, at Irvine, California.

　　　　　　　　　　　　　　　　　　　　　　　　　　Kayla Han

23706459.1

**SERVICE LIST**
**USDC, Eastern District Case No. 2:23-cv-01475-TLN-JDP**
**DAVID POOR, et al. v. CONSUMER PORTFOLIO SERVICES, INC., et al.**
**File # 018788.0104**

| | |
|---|---|
| Brandon A. Block, Esq.<br>LAW OFFICES OF BRANDON A. BLOCK<br>A PROFESSIONAL CORPORATION<br>9440 Santa Monica Blvd., Suite 301<br>Beverly Hills, CA  90210 | Attorneys for *Plaintiffs* **DAVID POOR and BERNADETTE POOR**<br><br>Tel:  (424) 600-9454<br>Fax: (424) 600-9631<br>Email: brandon@bblocklaw.com |

23706459.1